# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND CONFECTIONERY COMPANY, INC., <br><br> Plaintiff <br><br> v. <br><br> ALLIED INTERNATIONAL CORPORATION OF VIRGINIA, <br><br> Defendant | Case No. 12-CV-10578-JLT |
| ALLIED INTERNATIONAL CORPORATION OF VIRGINIA, <br><br> Plaintiff in counter-claim, <br><br> v. <br><br> NEW ENGLAND CONFECTIONERY COMPANY, INC., <br><br> Defendant in counter-claim | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Allied International Corporation of Virginia ("Allied" or "Defendant") answers the Verified Complaint ("Complaint") of New England Confectionery Company, Inc. ("NECCO" or "Plaintiff"). Allied's responses to the allegations in the Verified Complaint are set forth in the numbered paragraphs below, which correspond to the paragraphs and headings as set forth in the Verified Complaint. Allied's use of those headings does not constitute an admission of any allegations or implications contained therein.

**Nature of the Action**

1.      Paragraph 1 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 1.

**Parties**

2.      Allied lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint regarding NECCO's corporate registration.  Allied admits that NECCO maintains a place of business at 135 American Legion Highway, Revere, Massachusetts.

3.      Admitted.

**Jurisdiction and Venue**

4.      Admitted.

5.      Allied admits that this Court has personal jurisdiction over Allied.

6.      Admitted.

**Statement of the Case**

7.      Admitted.

8.      Allied admits that it provides food and non-food products, including products manufactured by NECCO, to various customers including customers located in Massachusetts.

9.      Allied admits that it has maintained a business relationship with NECCO for approximately 20 years.  The remaining allegations of Paragraph 9 are denied

10.      Allied admits that NECCO has invoiced Allied for Allied's purchase orders for NECCO products throughout the parties' relationship.  The remaining allegations of Paragraph 10 are denied.

11.      Denied.

12.     Allied lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.  To the extent any further response is deemed required, Allied denies the allegations of Paragraph 12.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

### Causes of Action

### Count I
**(Breach of Contract)**

26.     Allied hereby incorporates by reference paragraphs 1-25 of its Answer, Affirmative Defenses, and Counterclaims ("Answer") as if fully restated.

27.     Paragraph 27 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 27.

28.     Denied.

29.     Denied.

30.     Paragraph 30 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 30.

## Count II
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

31.     Allied hereby incorporates by reference paragraphs 1-30 of its Answer as if fully restated.

32.     Allied admits that the implied covenant of good faith and fair dealing applies to all contracts in Massachusetts.  Allied denies the remaining allegations of Paragraph 32.

33.     Denied.

34.     Denied.

35.     Paragraph 35 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 35.

## Count III
### (Money Due On Account/Account Annexed)

36.     Allied hereby incorporates by reference paragraphs 1-35 of its Answer as if fully restated.

37.     Denied.

## Count IV
### (Promissory Estoppel)

38.     Allied hereby incorporates by reference paragraphs 1-37 of its Answer as if fully restated.

39.     Allied admits that it promised to pay for product in accordance with purchase orders.  To the extent any further response is deemed to be required, Allied denies the accuracy of NECCO's invoices.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Paragraph 45 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 45.

## Count V
### (Unjust Enrichment)

46.     Allied hereby incorporates by reference paragraphs 1-45 of its Answer as if fully restated.

47.     Allied admits that it has received product from NECCO pursuant to the parties' contract.  Allied denies the remaining allegations of Paragraph 47.

48.     Denied.

49.     Paragraph 49 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 49.

## Count VI
### (Fraud/Fraud in the Inducement)

50.     Allied hereby incorporates by reference paragraphs 1-49 of its Answer as if fully restated.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Paragraph 56 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 56.

## Count VII
### (Violation of M.G.L. c. 93A)

57.     Allied hereby incorporates by reference paragraphs 1-56 of its Answer as if fully restated.

58.     Admitted.

59.     Paragraph 59 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 59.

60.     Paragraph 60 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 60.

61.     Allied admits transacting business with NECCO in Massachusetts.  The remaining allegations of Paragraph 61 are denied.

62.     Denied.

63.     Denied.

64.     Paragraph 64 contains conclusions of law to which no response is required.  To the extent that any response is deemed to be required, Allied denies the allegations of Paragraph 64.

## Prayers for Relief

Plaintiffs' Prayers for Relief require no response.  To the extent that any response is deemed to be required, Allied denies that NECCO is entitled to judgment on any of its claims, and denies that NECCO is entitled to any compensatory damages, multiple damages, attorney's fees or costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred because it has not been damaged.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the lack and/or failure of consideration.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as a result of accord and satisfaction.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### Seventh Affirmative Defense

If Plaintiff has been harmed as alleged, which is denied, such harm was proximately caused in whole or in part by the actions or inactions of Plaintiff and/or third parties for whom Allied is not legally responsible.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as a result of its failure to mitigate its alleged damages.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as a result of its own failure to meet its contractual obligations.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because of NECCO's bad faith.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by a failure of reasonable or detrimental reliance.

### Twelfth Affirmative Defense

Allied reserves its right to add such additional affirmative defenses that may become evident during the course of the litigation.


**WHEREFORE**, Allied respectfully requests that this Court:

A.  Enter judgment in favor of Allied and against Plaintiff on each Count of Plaintiff's Complaint;

B.  Award Allied its reasonable attorney's fees and costs; and,

C.  Award Allied such other and further relief as the Court deems appropriate.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, for its counterclaims against NECCO, Allied states as follows:

### Parties

1.      The defendant and plaintiff-in-counterclaim Allied International Corporation of Virginia ("Allied") is a Virginia corporation with a principal place of business at 22570 Markey Court, Suite 108, Dulles, Virginia.

2.      Upon information and belief, the plaintiff and defendant-in-counterclaim New England Confectionery Company, Inc. ("NECCO") is a Delaware corporation with its principal place of business in Massachusetts.

### Facts

3.      Allied and NECCO have been parties to an oral contract (the "Contract") for the last twenty years under which NECCO has agreed to supply Allied with NECCO products for sale to Allied's customer, Dollar General.

4.      The Contract is for sale and delivery of NECCO products and has been validated over twenty years of shipments, invoices, and payments among the parties.

5.      The Contract grants Allied the exclusive right to sell NECCO products to Dollar General, as long as Allied meets certain annual sales targets to Dollar General.

6.      The Contract entitles Allied to credits or offsets from NECCO invoices for NECCO product that was insufficient in quality or quantity to meet Allied's obligations to Dollar General.

7.      The Contract entitles Allied to credits or offsets from NECCO invoices for deductions made by Dollar General from orders of NECCO products from Allied.

8.     The Contract contains a reasonable notice provision, of at least sixty days, in the event that one party decides to terminate the Contract.

9.     Allied had a contract with Dollar General granting Allied the exclusive right to supply NECCO products to Dollar General.

10.     At all times relevant to this matter, NECCO had knowledge of the exclusive contract between Allied and Dollar General.

11.     Allied has consistently met or exceeded the Contract's annual target level for sales of NECCO products to Dollar General.

12.     In 2011, Allied exceeded the Contract target of approximately $1,000,000.00 in sales of NECCO products to Dollar General.

13.     Through the life of its contract with Dollar General, Allied developed and maintained significant goodwill with Dollar General.

14.     Upon information and belief, in 2007, NECCO was acquired by American Capital, a hedge fund investment company.

15.     In February 2012, in violation of the Contract, NECCO unilaterally ceased selling and delivering NECCO products to Allied.

16.     In February 2012, in violation of the Contract, NECCO began selling NECCO products directly to Dollar General.

17.     In or about February 2012, NECCO made false statements to Dollar General that Allied failed to pay for product shipments and that Allied violated credit limits.

18.     In or about February 2012, NECCO made false statements to Dollar General that payment and credit defaults by Allied forced NECCO to sell and ship NECCO products directly to Dollar General.

19.     As a result of NECCO's breach of the Contract with Allied, and NECCO's interference with Allied's contract with Dollar General, Allied has suffered and continues to suffer significant damages.

## Count I
### (Breach of Contract)

20.     Allied incorporates by reference the allegations set forth in paragraphs 1 through 19 above, as though fully restated herein.

21.     Allied and NECCO are parties to the Contract.

22.     By its actions described above, NECCO has breached the Contract.

23.     Allied performed each of its obligations under the Contract until NECCO's breach.

24.     By its material contract breaches NECCO has caused Allied to sustain substantial damage in an amount to be determined at trial.

## Count II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

25.     Allied incorporates by reference the allegations set forth in paragraphs 1 through 24 above, as though fully restated herein.

26.     The Contract, like all contracts construed under Massachusetts law, contains an implied covenant of good faith and fair dealing.

27.     By its breaches of the Contract and other actions described above, NECCO has violated the implied covenant of good faith and fair dealing contained in the Contract.

28.     NECCO's violation of the implied covenant of good faith and fair dealing has caused Allied to sustain substantial damage in an amount to be determined at trial.

## Count III
### (Promissory Estoppel)

29.     Allied incorporates by reference the allegations set forth in paragraphs 1 through 28 above, as though fully restated herein.

30.     NECCO promised Allied the exclusive right to sell NECCO products to Dollar General as long as Allied achieved the annual target level of sales to Dollar General.

31.     Allied relied on NECCO's promises in devoting substantial resources to developing goodwill with Dollar General and increasing sales of NECCO products to Dollar General.

32.     Allied's reliance upon NECCO's promises was reasonable and foreseeable.

33.     NECCO breached its promises by unilaterally terminating the Contract and selling NECCO products directly to Dollar General in violation of the Contract and Allied's exclusive contract with Dollar General.

34.     Allied has suffered damages as a result of its reasonable reliance on NECCO's promises.

35.     Justice can only be rendered by enforcing NECCO's promises to Allied.

36.     NECCO's breach of its promises has caused Allied to sustain substantial damage in an amount to be determined at trial.

## Count IV
### (Intentional Interference with Contractual Relations)

37.     Allied incorporates by reference the allegations set forth in paragraphs 1 through 36 above, as though fully restated herein.

38.     For the last twenty years, continuing to the present day, Allied and its customer Dollar General have had a binding, exclusive contract for the sale of NECCO products to Dollar General.

12

39.     At all times relevant to this litigation, NECCO has been aware of the terms of Allied's exclusive agreement with Dollar General.

40.     Beginning in or about February 2012, NECCO deliberately and knowingly interfered with Allied's contract with Dollar General.

41.     NECCO interfered in the Allied contract with Dollar General in order to appropriate Allied's goodwill with Dollar General for itself and to obtain Allied's profits for itself.

42.     NECCO used improper means to interfere with Allied's contract with Dollar General including, but not limited to, falsely stating to Dollar General that Allied failed to pay for NECCO products shipped to Dollar General.

43.     NECCO intended by its conduct to interfere with Allied's contract with Dollar General.

44.     NECCO's intentional interference with Allied's contract with Dollar General has caused Allied to sustain substantial damage in an amount to be determined at trial.

## Count V
### (Commercial Defamation)

45.     Allied incorporates by reference the allegations set forth in paragraphs 1 through 44 above, as though fully restated herein.

46.     Beginning in February 2012, NECCO has made false statements of fact to Dollar General about Allied.

47.     Beginning in or around February 2012 NECCO falsely told Dollar General that Allied failed to pay for NECCO products, had exceeded its credit limit, and could not reliably supply Dollar General's requirements.

48.     NECCO knew that these statements were false when made.

49.     NECCO's false statements of fact concerned Allied's honesty, reliability, credit and ethics.

50.     NECCO intended that Dollar General would believe and rely on these false statements and abandon its contract with Allied in order to purchase NECCO products directly from NECCO.

51.     Dollar General relied on NECCO's false statements in abandoning its exclusive contract with Allied and entering into a direct sales agreement with NECCO.

52.     NECCO's false statements have caused Allied to suffer a loss of income and commercial reputation.

53.     NECCO's commercial defamation has caused Allied to sustain substantial damage in an amount to be determined at trial.

<u>Count VI</u>
**(Violation of Mass. Gen. L. c. 93A)**

54.     Allied incorporates by reference the allegations set forth in paragraphs 1 through 53 above, as though fully restated herein.

55.     In its dealings with Allied as described above, NECCO engaged in willful, unfair and deceptive conduct in violation of G.L. c. 93A, §11.  NECCO's unfair and deceptive conduct includes, but is not limited to, the following:

a.  Intentionally breaching the Contract in order to secure additional profits for itself at Allied's expense;

b.  Violation of the implied covenant of good faith and fair dealing;

c.  Knowingly making false statements to Allied's customer, Dollar General, in order to persuade Dollar General to abandon its contract with Allied and purchase products directly from NECCO.

14

56.   The above conduct occurred primarily and substantially in Massachusetts and has caused Allied to lose money or property within the meaning of G.L. c. 93A.

57.   Allied is entitled to recover its damages, including its reasonable attorney's fees, for NECCO's unfair and deceptive conduct, and Allied is entitled to recover two or three times such damages for NECCO's willfully unfair and deceptive conduct.

**WHEREFORE**, Allied respectfully requests that this Court grant the relief requested below.

## REQUEST FOR RELIEF

For the causes of action in the Counterclaims, Allied respectfully requests that this Court:

A.   Enter judgment in favor of Allied and against NECCO on each of the Counts in the Counterclaims;

B.   Award Allied damages in an amount to be determined at trial on each of the counts in the Counterclaims;

C.   Award Allied double or treble damages in accordance with Chapter 93A;

D.   Award Allied its reasonable attorney's fees and expenses in accordance with Chapter 93A;

E.   Award Allied such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Defendant and Plaintiff-in-counterclaim Allied demands a trial by jury on all counts in the Complaint and Counterclaim so triable.

15

Respectfully submitted,

ALLIED INTERNATIONAL CORPORATION
OF VIRGINIA

By its attorneys,


*/s/ Ryan M. Cunningham*
Jonathan W. Fitch (BBO #168510)
Ryan M. Cunningham (BBO #661440)
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, MA 02108
(617) 542-5542

Dated: June 29, 2012


## CERTIFICATE OF SERVICE


I, Ryan M. Cunningham, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non-registered participants on June 29, 2012.


*/s/ Ryan M. Cunningham*

Ryan M. Cunningham